IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

FILED

AUG - 9 2002

LARRY W. PROPES, CLERK
U. S. DISTRICT COURT

Robin Lynn Tenaglia, )
)
Plaintiff, )
)
vs. )
)
Ryan's Family Steak Houses, Inc. and )
Ryan's Family Steak House TLC, Inc., )
)
Defendants. )
)

4:02-2684-25BH

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the Defendants, Ryan's Family Steak Houses, Inc., and Ryan's Family Steak House TLC, Inc. ("Ryan's"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby petition the Court for removal of the above-captioned case from the Court of Common Pleas for Horry County, State of South Carolina, to the United States District Court for the District of South Carolina, Florence Division, on this 1st day of August, 2002. This removal is proper on the grounds that:

1. A civil action has been commenced and is now pending in the Court of Common Pleas for Horry County, State of South Carolina, captioned *Robin Lynn Tenaglia v. Ryan's Family Steak Houses, Inc. and Ryan's Family Steak House TLC, Inc.*, Civil Action No.: 02-CP-26-1740.

2. Plaintiff commenced the action by filing a Summons and Complaint on March 27, 2002, in the Court of Common Pleas for Horry County, State of South Carolina. The Equal Employment Opportunity Commission subsequently issued a Notice of Right to Sue

1

concerning Plaintiff's charge of sexual harassment against Ryan's. On July 17, 2002, Plaintiff filed an Amended Complaint alleging a cause of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). A copy of the Amended Complaint is attached hereto as Exhibit A. Plaintiff served Defendant Ryan's with a copy of the Amended Complaint on July 22, 2002. Thirty days have not elapsed since the action became removable to this Court.

3. The United States District Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331. This case involves a federal question, namely Plaintiff's cause of action under Title VII. The Complaint also states several state law claims, arising out of the same set of operative facts, over which this Court has jurisdiction pursuant to 28 U.S.C. § 1441.

4. Defendant Ryan's has provided a copy of the Notice of Removal to the Clerk of Court for Horry County, State of South Carolina.

Dated this 9th day of August, 2002.

Respectfully submitted,

By: *E. Grantland Burns*
E. Grantland Burns (S.C. Bar No. 064819)
(# 5597)
Attorney for Defendants,
Ryan's Family Steak Houses, Inc., and
Ryan's Family Steak House TLC, Inc.

NEXSEN PRUET JACOBS & POLLARD, L.L.C.
201 West McBee Avenue, Suite 400 (29601)
P.O. Drawer 10648
Greenville, South Carolina 29603-0648
Tel: (864) 370-2211
Fax: (864) 282-1177

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>)<br>COUNTY OF HORRY ) | IN THE COURT OF COMMON PLEAS<br>FOR THE FIFTEENTH JUDICIAL CIRCUIT<br>CASE NO.: 2002-CP-26-1740 |
| Robin Lynn Tenaglia, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>Ryan's Family Steak Houses, Inc. and )<br>Ryan's Family Steak House TLC, Inc., )<br>)<br>Defendants. )<br>_____) | **AMENDED COMPLAINT**<br>(Wrongful Termination/Pregnancy Discrimination)<br>(Jury Trial Demanded) |

Plaintiff, Robin Tenaglia, by and through her undersigned attorney, complaining of Defendants, hereby alleges and would show as follows:

1. Plaintiff is a citizen and resident of the County of Horry, State of South Carolina and has been so for a period in excess of one year.

3. Defendants are businesses incorporated in or chartered by the State of South Carolina which do business in the County of Horry, State of South Carolina.

4. Defendants are employers engaged in an industry that affects commerce and employs a large number of people.

5. Plaintiff was hired by Defendants on January 23, 1998 in the position of server.



6. During her employment, Plaintiff became pregnant.

7. Because of the plaintiff's pregnancy, Defendants discriminated against her in the following manner: she was terminated in April of 1999 after her supervisor told her that a pregnant woman did not belong on the floor of his restaurant serving customers.

1

Exhibit A

8. As a result, Plaintiff lost her job, her benefits, her ability to care for her children, and was emotionally affected as a result of these things.

9. At all times relevant hereto, Plaintiff was an employee and Defendants were employers within the meaning of applicable statutes. All actions taken or omissions made by others on behalf of the Defendants were as agents or employees of the Defendants, for which the Defendants are responsible either through doctrines of agency, respondeat superior, ratification, non-delegable duty, or statutory construction of appropriate definitions.

10. During the time Plaintiff was employed by Defendants, she worked diligently and performed her job duties appropriately.

11. At all times relevant herein, Defendants were acting either directly or through agents, representatives, or employees.

12. The actions of Defendants violate the employee manual and policies promulgated by Defendants.

13. Plaintiff relied upon and was entitled to rely upon the employee manual and other policies and procedures which were promulgated by Defendants, the policies referred to herein are firm promises in mandatory language, and constitute a contract between employer and employee.

10. Defendants have breached Plaintiff's contractual rights.



2

## FOR A FIRST CAUSE OF ACTION

### (CLAIM FOR WAGES)

### (S.C. Code Ann. §41-10-10 et seq.)

11. Plaintiff herein restates, reiterates and realleges each and every matter of fact set forth in this Complaint as if fully restated, reiterated and realleged herein.

12. At all times relevant herein, Defendants should have paid wages, commissions, and benefits owed and should have continued to pay those wages, commissions and benefits instead of terminating her.

13. Defendants have willfully withheld these wages to this date and continue to do so.

14. As a result, Plaintiff is informed and believes that she is entitled to a judgment against Defendants for three (3) times the amount of wages found to be due and owing unto Plaintiff, the costs of this action and Plaintiff's attorney fees, all as is provided by S.C. Code of Laws § 41-10-10 et seq.



## FOR A SECOND CAUSE OF ACTION

### (BREACH OF EXPRESS EMPLOYMENT CONTRACT)

### (Personnel Policies & Procedures)

15. Plaintiff restates, reiterates and realleges each and every matter of fact set forth in this Complaint as if fully restated, reiterated and realleged herein.

16. The contract of employment between Plaintiff and Defendants was breached.

17. Defendants voluntarily chose to publish the employee manual and policies and assured Plaintiff that they would be followed, and Plaintiff would therefore allege there are strong

3

equitable and social policy reasons against allowing Defendants to promulgate policies of this sort while reserving the right to deviate from them at their own caprice. Defendants announced the policies with a view to obtaining the benefit of improved employee attitudes and behavior and improved quality of the work force, and said promises may not now be treated as illusory.

18. By virtue of the foregoing, Plaintiff is informed and believes that she is entitled to damages as a result of Defendants' breach of her contract of employment.



## FOR A THIRD CAUSE OF ACTION

### (BREACH OF CONTRACT IMPLIED IN LAW)

19. The allegations set forth in this Complaint, not inconsistent herewith, are incorporated herein as if set forth fully.

20. Based upon the facts and circumstances, and independent of agreement or presumed intention, the law implied promises on the part of Defendants which were breached. These promises are implied from the circumstances and the consideration Plaintiff provided to Defendants, namely her work, and therefore these legal duties of Defendants should be imposed upon Defendants pursuant to a contract implied in law.

21. Defendants have breached this contract to the damage of Plaintiff.

## FOR A FOURTH CAUSE OF ACTION

### (BREACH OF CONTRACT IMPLIED IN FACT)

22. The allegations set forth in this Complaint, not inconsistent herewith, are incorporated herein as if set forth fully.

4

23.  Based on the facts and circumstances and upon the intention and conduct of the parties, Defendants impliedly promised Plaintiff that she would not be discharged in the manner and under the circumstances which she was fired.

24.  Defendants breached this contract and as such is subject to damages owed to Plaintiff.

## FOR A FIFTH CAUSE OF ACTION

### (BREACH OF CONTRACT ACCOMPANIED BY A FRAUDULENT ACT)

25.  The allegations set forth in this Complaint, not inconsistent herewith, are incorporated herein as if set forth fully.

26.  The contract between the parties was breached by Defendants, and that breach was accompanied by a fraudulent act, to wit: its fraudulent attempt at concealment of the true facts and reasons for her termination. This was done willfully, wantonly, and in reckless disregard of Plaintiff's rights.

27.  This was accomplished with fraudulent intent on Defendants' part, and that fraudulent intent was related to the breach.

28.  Defendants' breach was accompanied by a fraudulent act directly connected to the breach, and that act was characterized by dishonesty in fact, unfair dealing, or unlawful appropriation.

29.  Defendants made false, material representations with knowledge of falsity or reckless disregard of their truth or falsity, intending Plaintiff to act upon the representations;

Plaintiff was ignorant of such falsity, had a right to rely and in fact did rely upon their truth, to her consequent and proximate injury.

30. Defendants' breach of the contract entitles Plaintiff to damages, including punitive damages.

## FOR A SIXTH CAUSE OF ACTION

### (BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING)

31. The allegations set forth in this Complaint, not inconsistent herewith, are incorporated herein as if set forth fully.

32. Plaintiff and Defendants enjoyed a special, fiduciary relationship whereby Plaintiff reposed trust and confidence in Defendants for her wages, commissions and benefits based on promises made by Defendants.

33. The contract between the parties contained an implied and express covenant of good faith and fair dealing; in bad faith and in violation of this covenant, Defendants terminated Plaintiff's employment.

34. The unfair and unreasonable acts of Defendants, as referred to above, constitute a breach of the covenant of good faith and fair dealing, for which Plaintiff is entitled to damages.



## FOR A SEVENTH CAUSE OF ACTION

### (S.C. CODE ANN. 39-5-10 ET SEQ.)

### (S.C. UNFAIR TRADE PRACTICES ACT)

35. The allegations contained elsewhere in this Complaint are reiterated and realleged as if repeated verbatim herein.

36. Defendants, in the course of trade or commerce, engaged in unfair and deceptive acts, as enumerated above.

37. The actions of Defendants are capable of repetition and pose a threat to the public interest.

38. Defendants' acts and omissions had the capacity, effect, and tendency to deceive Plaintiff.

39. Plaintiff has suffered an ascertainable loss of money and property as a result of the use and employment by Defendants of the unfair and deceptive methods, acts and practices described above.

40. Defendants' unfair and deceptive acts were willful and knowing violations of Section 39-5-20.

41. Plaintiff is therefore entitled to actual damages, treble damages, reasonable attorney's fees, and costs.

## FOR AN EIGHTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

42. The allegations contained elsewhere in this Complaint are reiterated and realleged as if repeated verbatim herein.

43. Defendants intentionally or recklessly inflicted severe emotional distress or were certain or substantially certain that such distress would result from their conduct.

44. The conduct was so extreme or outrageous as to exceed all possible bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized community.

45. The actions of Defendants caused Plaintiff emotional distress, and it was so severe that no reasonable person could be expected to endure it.

46. Plaintiff is therefore entitled to actual and punitive damages.

### FOR A NINTH CAUSE OF ACTION

#### (Title VII -- Pregnancy Discrimination)

47. The allegations contained elsewhere in this Complaint are reiterated and realleged as if repeated verbatim herein.

48. Plaintiff filed a timely charge with the appropriate agency. The filed charge satisfies the appropriate statutory requirements. Having received a favorable determination and a finding of reasonable cause to believe discrimination occurred, Plaintiff obtained from the Equal Employment Opportunity Commission (EEOC) a Notice of Right to Sue issued July 24, 2002 and timely filed this Amended Complaint within ninety days thereof.

49. This action arises out of Defendants' deprivation of Plaintiff's rights, privileges and immunities under Title VII of the Civil Rights Act of 1964.

50. Plaintiff suffered discrimination by Defendants based upon her sex and suffered a hostile work environment and termination despite Defendants' knowledge of the discrimination. Specifically, she was fired because she was pregnant and her manager did not want pregnant women working on the floor of his restaurant, and because she protested the manager's remarks regarding same in reasonably belief that his actions violated the law.

51. At all relevant times hereto, Defendants were employers as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

52. While employed, Plaintiff was subjected to sexual discrimination/harassment and an abusive, hostile environment. As a result of Plaintiff's gender and pregnancy, she was placed in a working environment that was both oppressive and humiliating, and affected her ability to work and interact effectively.

53. Plaintiff never received an adequate explanation by her employer as to why she was subjected to a hostile work environment nor did she receive adequate remedial action.

54. Defendants' conduct had the purpose and effect of unreasonably interfering with Plaintiff's work performance and creating an intimidating, hostile, and offensive work environment.

55. Plaintiff was subject to unwelcome sexual discrimination, said harassment was based on sex, and it affected the terms, conditions, and privileges of her employment. Further, the Defendants knew or should have known of the harassment and failed to take appropriate remedial action.

56. The hostile environment created by Defendants' conduct seriously affected Plaintiff's psychological well-being and detracted from her job performance and kept her from advancing her career.

57. The environment created would be perceived by reasonable persons and was so perceived as hostile or abusive.

58. Defendants had notice of the harassment and the hostile environment because it was pervasive and obvious.

59. Defendants failed to properly investigate and take appropriate remedial action in response to Plaintiff's complaints.

9

60. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and continues to suffer loss of earnings and earning capacity, severe emotional distress and mental suffering. Plaintiff has lost wages, health insurance (and the corresponding uncovered medical costs) and other benefits of her employment with Defendants.

61. Defendants' above-described actions, individually and collectively, constitute discrimination against Plaintiff on the basis of sex (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq

62. Plaintiff requests a jury trial as to all causes of action.

**WHEREFORE**, Plaintiff prays unto this Court for the following relief:

A. Lost wages, commissions, and benefits;

B. Damages for all losses suffered due to failure to pay wages, commissions or benefits;

C. An appropriate award of damages for the causes of action presented herein, including but not limited to lost wages, other actual damages, medical bills, special damages, treble damages, and punitive damages;

D. Pre-judgment and post-judgment interest, attorney's fees, and costs in addition thereto;

E.  Remedies under Title VII, including but not limited to:

1.  Appropriate injunctive and equitable relief, including but not limited to a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the United States;

2.  Front pay;

3.  Back wages;

4.  Pre-judgment and post-judgment interest;

5.  Damages for all losses suffered due to termination of employment benefits;

6.  Damages for emotional distress and mental suffering arising from Defendants' unlawful actions;

7.  Compensatory and punitive damages for the violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964;

8.  Attorney's fees, costs and expert fees pursuant to 42 U.S.C. §1988; and

F.  Such other and further relief as the Court may deem just and proper.

LAW OFFICES OF
OHANESIAN & OHANESIAN

_____
Glenn V. Ohanesian
610 Nineteenth Avenue North
Post Office Box 2433
Myrtle Beach, South Carolina 29578
Phone: (843) 626-7193
**ATTORNEYS FOR PLAINTIFF**

July 18, 2002.

11

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | FOR THE FIFTEENTH JUDICIAL CIRCUIT |
| COUNTY OF HORRY ) | CASE NO.: 2002-CP-26-1740 |
| ) | |
| Robin Lynn Tenaglia, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CERTIFICATE OF MAILING** |
| ) | |
| Ryan's Family Steak Houses, Inc., ) | |
| and Ryan's Family Steak House ) | |
| TLC, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

I, Alexis A. Nicholas, as an employee of the Law Firm of Ohanesian & Ohanesian, counsel for Plaintiff, Robin Lynn Tenaglia, in the above captioned matter, certify that I have this 18th day of July, 2002, mailed the Amended Summons and Amended Complaint, to counsel for Defendants at his address of record with sufficient postage attached thereto as follows:

Mailed to:

E. Grantland Burns, Esquire
Post Office Drawer 10648
Greenville, South Carolina 29603-0648

*[signature]*
Alexis A. Nicholas, Legal Assistant
Ohanesian & Ohanesian
Post Office Box 2433
Myrtle Beach, South Carolina 29578-2433
(843) 626-7193

July 18, 2002

STATE OF SOUTH CAROLINA      )   IN THE COURT OF COMMON PLEAS
                             )   FOR THE FIFTEENTH JUDICIAL CIRCUIT
COUNTY OF HORRY              )   CASE NO.: 2002-CP-26-1740

Robin Lynn Tenaglia,         )
                             )
        Plaintiff,           )
                             )
    vs.                      )   **AMENDED SUMMONS**
                             )
Ryan's Family Steak Houses, Inc., )
and Ryan's Family Steak House )
TLC, Inc.,                   )
                             )
        Defendants.          )
_____)

**TO THE DEFENDANTS ABOVE NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Amended Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Amended Complaint upon the subscribers at their offices at 610 Nineteenth Avenue North, Post Office Box 2433, Myrtle Beach, South Carolina 29578-2433, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Amended Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for judgment by default for the relief demanded in the Amended Complaint and judgment will be rendered against you.

_____
Glenn V. Ohanesian
**OHANESIAN & OHANESIAN**
610 Nineteenth Avenue North
Myrtle Beach, South Carolina 29578-2433
(843) 626-7193
**ATTORNEYS FOR PLAINTIFF**

July 17, 2001.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Robin Lynn Tenaglia, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Ryan's Family Steak Houses, Inc. and | ) |
| Ryan's Family Steak House TLC, Inc., | ) |
| | ) |
| Defendants. | ) |

### CERTIFICATE OF REMOVAL

I certify that on the 9th day of August, 2002, Defendants gave written notice to Plaintiff of the filing in this Court of a Notice of Removal in the above-styled action, a true and correct copy of which is attached, and that a copy of the Notice of Removal was filed with the Clerk of Court for Horry County, State of South Carolina.

By: *E. Grantland Burns*
E. Grantland Burns (S.C. Bar No. 064819)
(# 5597)
Attorney for Defendants,
Ryan's Family Steak Houses, Inc., and
Ryan's Family Steak House TLC, Inc.

NEXSEN PRUET JACOBS & POLLARD, L.L.C.
201 West McBee Avenue, Suite 400 (29601)
P.O. Drawer 10648
Greenville, South Carolina 29603-0648
Tel: (864) 370-2211
Fax: (864) 282-1177

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Robin Lynn Tenaglia, | ) |
| Plaintiff, | ) ) ) ) ) |
| vs. | ) ) ) |
| Ryan's Family Steak Houses, Inc. and Ryan's Family Steak House TLC, Inc., | ) ) ) ) |
| Defendants. | ) ) |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Defendant's Notice of Removal was placed in the United States Mail with proper postage this 9th day of August, 2002, to:

>Glenn V. Ohanesian, Esquire
>Ohanesian & Ohanesian
>610 Nineteen Avenue North
>Myrtle Beach, South Carolina 29578-2433

E. Grantland Burns